## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2020, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Linda L. Harris
Attorney at Law, P.C.
Kentland, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.R., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | September 30, 2020 <br><br> Court of Appeals Case No. <br> 20A-JV-932 <br><br> Appeal from the Jasper Circuit Court <br><br> The Honorable Jeryl F. Leach, Special Judge <br><br> Trial Court Cause No. <br> 37C01-1912-JD-191 |

**Mathias, Judge.**

[1]     A.R. appeals the Jasper Circuit Court's order adjudicating him a juvenile delinquent and committing him to the Department of Correction ("DOC") until

he reaches the age of twenty-one. A.R. argues that the juvenile court abused its discretion when it committed him to the Department of Correction.

We affirm.

## Facts and Procedural History

A.R. has a significant history with our State's juvenile justice system. His first referral to the juvenile justice system occurred in July 2015 when he was eleven years old. Approximately one year later, A.R. was adjudicated a delinquent for disorderly conduct. He was placed in a residential treatment facility. While at the facility he broke numerous rules, physically assaulted staff members, and attempted to escape several times. As a result, A.R. was expelled from the program in September 2016. A.R. was committed to the Pendleton Juvenile Correctional Facility, and he was released approximately six months later in March 2017.

When he was released from the DOC, A.R. was placed in foster care. A.R. ran away from his foster home, and thereafter, he was placed in another residential treatment center. A.R. also ran away from the treatment center.

In August 2017, A.R. was adjudicated a delinquent child for committing criminal mischief. A.R. was placed on probation, but four months later, he was adjudicated a delinquent for committing an act which would constitute Level 5 felony burglary if committed by an adult. A.R. was committed to the Logansport Juvenile Correctional Facility. After his twenty-two-month commitment, he was placed in Campagna Academy in Lake County, Indiana.

On October 23, 2019, fifteen-year-old A.R. ran away from Campagna and stole a vehicle. On November 25, 2019, the State filed a delinquency petition in Lake Superior Court alleging that A.R. had committed acts that if committed by an adult would constitute Level 6 felony auto theft, Class A misdemeanor theft, Class B misdemeanor unauthorized entry of a motor vehicle, and Class C misdemeanor operating a vehicle without a license. A.R. admitted that he had committed unauthorized entry of a motor vehicle. The case was transferred to A.R.'s county of residence, Jasper County, for disposition.

The Jasper Circuit Court held a dispositional hearing on February 18, 2020. The State recounted A.R.'s history of delinquency and unsuccessful placements in residential facilities and the DOC and argued that A.R. should be committed to the DOC for his latest delinquency adjudication. A.R. focused on his improved behavior and accomplishments in the weeks leading up to the dispositional hearing to argue that the least restrictive placement was appropriate. The juvenile court noted that A.R. had several opportunities to correct his behavior in the past but failed to do so. Therefore, the court committed A.R. to the DOC until the age of twenty-one. A.R. now appeals.

## Discussion and Decision

A.R. argues that his commitment to the DOC "was not consistent with the best interests of the child, the safety of the community, nor the policy of favoring the least-harsh disposition." Appellant's Br. at 9. The choice of the specific disposition of a juvenile adjudicated a delinquent child is a matter within the discretion of the juvenile court. *J.S. v. State*, 881 N.E.2d 26, 28 (Ind. Ct. App.

2008). Accordingly, we will only reverse where the juvenile court has abused that discretion. *Id.* An abuse of discretion occurs when the juvenile court's action is against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that can be drawn therefrom. *Id.*

[9] A juvenile court is accorded wide latitude and great flexibility in its dealings with juveniles. *Id.* However, a juvenile court's discretion is subject to the following statutory considerations:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>
>> (A) in the least restrictive (most family like) and most appropriate setting available; and
>>
>> (B) close to the parents' home, consistent with the best interest and special needs of the child;
>
> (2) least interferes with family autonomy;
>
> (3) is least disruptive of family life;
>
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
>
> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Ind. Code § 31-37-18-6.

[10] A.R. argues that it was in his best interest to remain at Campagna Academy in the secure residential wing. He notes his active participation in treatment at the Academy in the weeks leading up to the dispositional hearing and the psychologist's evaluation recommending A.R.'s placement in a residential facility so that he could benefit from therapeutic services available in that placement. The therapist who had two sessions with A.R. prior to the dispositional hearing praised A.R.'s participation in therapy and programming.

[11] The juvenile court determined that commitment to the DOC was appropriate due to A.R.'s continued delinquent behavior and his need for a well-structured, highly-restrictive environment. Appellant's App. Vol. 4, p. 162. The juvenile court noted that A.R.'s previous placements in residential facilities were not successful. Tr. p. 22.

[12] A.R. has run away from residential facilities multiple times and committed his most recent delinquent act after running away from Campagna. A.R.'s most recent delinquency adjudication is his fourth in less than four years. During the last four years, A.R. has received services while on probation and during his placements in residential treatment facilities but has not demonstrated that he has benefited from those services. The State's accurately observes that A.R.'s "history shows that even secure residential treatment facilities have not been secure enough to prevent him from escaping, and when he escapes [A.R.] engages in conduct that harms himself and the safety of the community." Appellee's Br. at 11.

# Conclusion

[13] By his continued delinquent conduct, A.R. has shown that probation and placement in residential facilities have not successfully rehabilitated him. We therefore conclude that the trial court acted within its discretion when it determined that commitment to the DOC was the most appropriate placement for A.R. The DOC will provide A.R. with services in the more restrictive and structured setting that A.R. requires. As the juvenile court noted, and as we reemphasize, A.R.'s continued active participation in services may result in placement in a residential facility if the DOC determines that A.R.'s improved behavior warrants the placement.

[14] For all of these reasons, we affirm the trial court's dispositional order placing A.R. in the DOC.

Bradford, C.J., and Najam, J., concur.